Below is an Opinion of the Court.

_____
TRISH M. BROWN
U.S. Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In re | Case No. 11-31815-tmb7 |
| LIVIA AUDRY GLANVILLE, | |
| Debtor. | |
| DANIEL LLOYD WAITS and | Case No. 11-32616-tmb7 |
| SARAH JEAN WAITS, | MEMORANDUM OPINION |
| Debtors. | |

The matters in the two above-captioned Chapter 7 cases come before the Court on the respective Trustees' objections to the Debtors' claims of exemption in the earned income credit permitted under federal tax law (EIC). Trustee Michael Batlan was represented by Patricia Walsh. Livia Glanville (Glanville) was represented by Jonathan Pritchard. Trustee Rodolfo Camacho was represented by Kirk Knutson. Daniel and Sarah Waits (the Waits) were represented by Lyndon Ruhnke. Because the matters involve substantially identical issues, I chose to dispose of them in one opinion. Each matter has been submitted on stipulated facts. Briefs have been filed and oral argument conducted. The matters are now ripe for disposition.

In reaching my decision, I carefully reviewed the exemption claims and the briefs and oral arguments in support thereof and opposition thereto. I also read applicable legal authorities, both as cited to me and as located through my own research. The following findings of fact and legal conclusions constitute my findings under Federal Rule of Civil Procedure 52(a), applicable in these cases under Federal Rule of Bankruptcy Procedure (FRBP) 7052.

MEMORANDUM OPINION-1

**Facts**:

In re Livia Audrey Glanville-Case #11-31815-tmb7:

Glanville maintained a checking account at Chase Bank. On or about February 11, 2011, she was issued a federal income tax refund of $8,229, $8,171.10 of which was directly deposited in the account.[1] Of the refund, $4,199 (51% of the total refund) was attributable to the EIC. At the time the direct deposit was made, there was already $420.92 on deposit. This amount was derived from child support and unemployment benefits, both of which were exempt.[2]

On the same day as the direct deposit, Glanville wrote a check for $4,300 from the Chase account and deposited $4,199 into a newly-opened savings account and $101 into a newly-opened checking account, both at Mid-Oregon Credit Union (the Credit Union).[3]

Glanville filed her Chapter 7 petition on March 9, 2011. On that date the balances in the new savings and checking accounts were $4,199 and $150 respectively. On her Schedule C, she claimed the full $4,199 in her savings account exempt.

The Glanville Trustee contends that a "first in, first out" (FIFO) method of tracing is appropriate for the full refund vis-a-vis the $420.09 otherwise exempt funds already on deposit. Using that method, the subsequent $101 deposited into the checking account and the first $319.92 (of the $4,199) deposited into the savings account remained otherwise exempt. This left the remaining $3,879.08 ($4,199 minus $319.92) in the savings account in controversy. Using the pro-rata approach, the Trustee argues only $1,979.33 (i.e. 51 %) is exempt under O.R.S. 18.345(1)(n).

/ / /

/ / /

/ / /

---

[1] The $57.90 difference between the refund and amount deposited represented third party transaction fees.

[2] See, O.R.S. 18.348.

[3] It appears the Credit Union required a minimum deposit of $100 into a checking account before a depositor could open a savings account.

MEMORANDUM OPINION-2

In re Daniel Lloyd Waits and Sarah Jean Waits-Case # 11-32616-tmb7:

On March 2, 2011, the Waits received a federal tax refund of $7,861, $4,570 (58% of the total refund) was attributable to the EIC. On the same day, they deposited $4,500 of the refund into an account at Columbia State Bank.

The Waits filed their Chapter 7 petition on March 30, 2011. On that date, the balance in the Columbia State Bank account was $4,250.07, all of which was attributable to the federal tax refund except $0.07 in interest. On their Schedule C, the Waits claimed the full amount on deposit in their account exempt.

The Trustee argues only $2,465 (i.e. 58%) of the $4,250.07 on deposit at filing is exempt. (Because it is *de minimis*, I am prepared to ignore the issue of how to treat the $0.07 in interest.)

**Discussion**:

Although the exemption claims at bar are under Oregon law, their subject matter, the EIC, is a creature of federal tax law. See, 26 U.S.C. § 32. The EIC provides a tax credit for low income workers, increasing in amount correlative to the taxpayer's number of "qualifying children." In re Rutter, 204 B.R. 57, 59 (Bankr. D. Or. 1997).[4] Although many tax credits can only be used to offset taxes owing, the EIC is "refundable"; that is, it is payable to the extent it exceeds taxes owing. Id. It has been described "as an item of social welfare legislation effectuated through income tax laws." Campbell v. Woods (In re Woods), 1997 WL 33343975, *1 (Bankr. D.S.C. Dec. 1, 1997)(internal quotation omitted).

> "The earned income credit was enacted to reduce the disincentive to work caused by the imposition of Social Security Taxes on earned income (welfare payments are not similarly taxed), to stimulate the economy by funneling funds to persons likely to spend the money immediately, and to provide relief for low income families hurt by rising food and energy prices."

Rutter, 204 B.R. at 59 (quoting, Sorenson v. Secretary of the Treasury, 475 U.S. 851, 864 (1986).

///

///

---

[4] In Rutter, the debtors argued the EIC was exempt as either "public assistance," "general assistance" or "child support." After carefully examining the applicable statutes, the court denied the exemption. Four years later, the Oregon legislature enacted O.R.S. 18.345(1)(n) (2001 Or. Laws; c. 538), effectively superseding Rutter's holding.

MEMORANDUM OPINION-3

Under O.R.S. 18.345(1)(n)[5], "[t]he debtor's right to receive an earned income tax credit under the federal tax laws and any moneys that <u>are traceable to</u> a payment of an earned income tax credit under the federal tax laws" are exempt from execution. (emphasis added). The issue at bar concerns what portion of the subject deposits "are traceable to" the EIC. The Trustees argue that as a matter of policy and fairness the funds on deposit deriving from the refunds should be traced according to the respective EIC and non-EIC proportions, with only the proportion representing the EIC given protection (the pro-rata approach to tracing). The Trustees further argue allowing Debtors to designate particular fungible dollars for protection is unfair to creditors. Debtors argue the only means available to protect the full EIC refund, and still have access to the remaining refund, was to segregate the EIC refund upon receipt. Debtors maintain the law should recognize this as a legitimate form of pre-bankruptcy planning.

In <u>In re Burke</u>, Case # 305-31572-tmb7, 2005 Bankr. LEXIS 1886 (Bankr. D. Or. Aug. 2, 2005) (Brown, J.), I considered the application of O.R.S. 18.345(1)(n). There, like here, the refund contained EIC and non-EIC portions, and was deposited into a bank account pre-petition, where it was commingled with other funds. The trustee argued the refund lost its identity because it was commingled. However, he relied on an inapplicable statute and his objection was over-ruled. A garnishing creditor also objected, and agreed with the debtors that FIFO was an appropriate method to trace the refund vis-a-vis other funds in the account. As to the refund itself, the creditor and debtor agreed, and I adopted, the pro-rata approach. The Trustees here argue I should do so again. However, <u>Burke</u> is distinguishable. First, the parties there stipulated to the pro-rata approach, while here they do not. Further, and more importantly, here the Debtors segregated an amount equal to the EIC refund immediately upon receipt. As I opined in <u>Burke</u>, the tracing of commingled funds is an "equitable substitute for the impossibility of specific identification" and in light of same, the tracing method adopted should be "case specific" with a view to achieving "a fair and equitable result on the facts before [the court]." <u>Burke</u>, at p.7, 2005 LEXIS 1886 at *11 (<u>quoting</u>, <u>U.S. v. Henshaw</u>, 388 F.3d

---

[5]As permitted by 11 U.S.C. § 522(b)(2), Oregon has "opted out" of the federal exemption scheme. O.R.S. 18.300. The Trustees have the burden of proving the exemptions are not properly claimed. FRBP 4003(c).

MEMORANDUM OPINION-4

738,741 (10th Cir. 2004).  Here, fairness and equity dictate that I reject the pro-rata approach, for what I will call the "recipient-directed" approach.

The recipient-directed approach directs that when a fund subject to protection is initially commingled with unprotected funds by a third party (here the IRS), and the recipient, upon receipt, immediately segregates a portion of the fund, the law presumes she intended to maximize her protectible interest and thus presumes the segregated funds are the same funds originally subject to protection.  This method is especially apt in the case at bar which deals with exemptions, and in particular the EIC.  Because the law views the EIC as a separate property interest exempt from creditors, In re Plantz, 2010 WL 4736234, *1 (Bankr. D. Or. Nov. 16, 2010), it should presume the Debtors here wished to protect that interest.  It should also allow them a practical means of doing so.

Indeed, upon my inquiry, the respective Trustees could offer no alternative means to protect the EIC funds <u>while allowing access to non-EIC funds pre-bankruptcy</u>.  One must recall the EIC refund arrived already commingled with the non-EIC refund.  The Waits' Trustee's suggestions that debtors, in like positions, either not spend any of the refund before filing bankruptcy (and then turn over the non-EIC refund post-petition) or, alternatively, invest the full refund pre-filing in another exempt asset, such as an IRA, are both unsatisfactory. Each option serves to lock up non-EIC refunds received pre-petition; funds low-income debtors presumably need for necessities.

Thus, when the Debtors immediately segregated funds into an account in an amount up to the EIC refund, those funds should be deemed "traceable to" the EIC for purposes of O.R.S. 18.345(1)(n).  This allows the Debtors to engage in pre-bankruptcy planning to protect their EIC.  It is also consistent with the long-standing rule that because exemption statutes are remedial they must be liberally construed. In re Stratton, 269 B.R. 716, 718 (Bankr. D. Or. 2001); Childers v. Brown, 81 Or. 1, 5 (1916).

/ / /

/ / /

/ / /

1       The Trustees' objections will, therefore, be over-ruled and the Debtors' exemption claims allowed.

2 Debtors' counsel should prepare orders consistent with the above within 10 days.

###

cc:     Jonathan S. Pritchard
         Patricia A. Walsh
         Lyndon L. Ruhnke
         Kirk W. Knutson

MEMORANDUM OPINION-6